# UNITED STATES EX REL. TAYLOR *v.* TAFT, Secretary of War.

---

MANDAMUS; CLASSIFIED CIVIL SERVICE, APPOINTMENT TO AND REMOVAL FROM.

I. The courts have no power, by mandamus or otherwise, to review the action of the head of an executive department of the government in removing a clerk from office on the ground that the removal was not in accordance with the civil service rules requiring notice to be given and an opportunity to reply to charges, where the charge is that the clerk wrote and caused to be published a newspaper article derogatory to the President.

2. The right of appointment to the classified civil service of the United States carries with it the right of removal, which power of removal is unrestricted, except as controlled by the civil service act of Congress of January 16, 1883 (22 Stat. at L. 403, chap. 27, U. S. Comp. Stat. 1901, p. 1224), which does not limit the power of removal except for the single cause of failure to contribute money or services to a political party.

No. 1297.	Submitted December 1, 1903.	Decided June 8, 1904.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a petition for the writ of mandamus to the Secretary of War.

*Affirmed.*

The COURT in the opinion stated the case as follows:

The appellant in this case, Rebecca J. Taylor, was a clerk in the classified civil service of the United States, and as such employed in the War department, and whilst in such service there appeared in a newspaper published in Washington an article which severely reflected upon the President of the United States, and to which article the name of the appellant was appended. A few days later the Secretary of war directed that an inquiry

be made of the appellant concerning the authenticity of the article in question and whether she admitted that she was the author of it; then, in that event, to have her attention directed to § 8 of civil service rule No. 11, and that she be given three days in which to submit any explanation or statement she may desire to make concerning it. The appellant answered, admitting that she had written the article, but offered no statement or explanation concerning it, but took the ground that no charge had been preferred against her, and, therefore, she was not called upon to make any further answer under the said rule No. 11.

Section 8 of rule 11 of the civil service rules, provides: "No removal shall be made from the competitive classified service except for just cause and for reasons given in writing; and the person sought to be removed shall have notice and be furnished a copy of such reasons and be allowed a reasonable time for personally answering the same in writing. Copy of such reasons, notice, and answer, and of the order of removal, shall be made a part of the records of the proper department or office. * * *""

Upon the receipt of the appellant's answer, the Secretary of war thereupon issued an order dismissing her from the service, and filed in the office of the War department a memorandum of the same, assigning as his reasons the publication of the article in question.

The appellant thereupon filed a petition for mandamus against the Secretary of war, seeking to compel him to reinstate appellant in her former position. In appellant's petition she sets out in detail all the facts, the substance of which we have recited, and assigns as grounds of relief:

First. That the procedure taken for her dismissal was not in accordance with the executive regulations set out, in that no copy of the reason for her dismissal was served upon the appellant as provided for in § 8 of rule 11, heretofore set out.

Second. That the removal of appellant was because of her political opinions, which is prohibited by § 3 of rule 11, and which reads: "No person in the executive civil service shall dismiss, or cause to be dismissed, * * * any person therein because of his political or religious opinions or affiliations;" and the ap-

pellant's petition further urges "that said rules, as aforesaid, so promulgated by the President, were binding upon the appellee, who could not lawfully violate, disregard, or evade them."

The appellee filed an answer to the petition in which he denies that the appellant was removed because of any political opinion, but asserts that the removal was made because of the article published by her, and "by reason of the derogatory and disrespectful statement therein appearing of and concerning the President of the United States, in relation to the conduct of him as Commander-in-Chief of the army of the United States." The appellee further declares that the character of the appellant's answer to him "was prejudicial to the order and efficiency of service;" that the executive regulations above quoted are not laws, and cannot be enforced by the courts; that the matter of "dismissal from office is one of discretion, and, therefore, cannot be controlled by mandamus."

To this answer a demurrer was filed, and, the court below having overruled the demurrer, the cause comes here upon an appeal from the judgment entered upon the demurrer.

Since the argument in this court, the appellee has been succeeded as Secretary of war by William Howard Taft, who, by proper proceedings, has been substituted as appellee in this cause.

The appellant appeared in proper person, and with her was *Mr. Noble E. Dawson.*

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. Charles A. Keigwin,* Assistant United States Attorney, for the appellee.

Mr. Chief Justice CLABAUGH, of the Supreme Court of the District of Columbia (who sat with the court in the hearing of this cause in the absence of Mr. Chief Justice ALVEY), delivered the opinion of the Court:

The appellant has raised various questions, but preliminary to them all is that of the authority of the courts to review the

action of the Secretary of war in removing her. That the courts have no such jurisdiction is entirely clear to us. That the right of appointment carries with it the right of removal has been determined so many times that it would be useless to cite authority in support of the proposition. This power of removal, therefore, would seem to be unrestricted, except as controlled by legislation of Congress. This the appellant contends has been done by the civil service act of January 16, 1883 (22 Stat. at L. 403, chap. 27, § 13, U. S. Comp. Stat. 1901, p. 1224), but an inspection of that act shows that the only restriction placed upon the right of removal is that "no officer or employee of the United States mentioned in this act shall discharge  *  *  *  any other officer or employee  *  *  *  for giving or withholding or neglecting to make any contribution of money or other valuable thing for any political purpose."

It is perfectly plain from the reading of the act that Congress never intended to limit the power of removal except for the single cause of failure to contribute money or services to a political party. The entire policy of civil service has been to restrict the power of appointment, not removal, because, once the right to appoint is restricted within certain defined classifications, the reason for political removals has ceased; and, therefore, the right of removal has remained unchanged except for the political causes assigned. Not only has the statute made this plain, but reason is with it.

The question of fitness, capacity, attention to the duties of an officer, is necessarily to be determined by the heads of the departments; this determination is only arrived at by the exercise of discretion and judgment, and, Will it be seriously contended that the courts can by proceedings in mandamus review this discretion and judgment? Will it be asserted that the thousands of employees in the classified service of the government can appeal to the courts for the review of the action of their superior officer whenever he may find cause to remove one or more of them for inefficiency, whether it be in the total failure of the employee to perform his or her duties, or whether it be for acts which, in the judgment of that superior officer, are detrimental

to the discipline of the service? It seems to us the very statement of the contention is its own refutation. Any other conclusion would encourage inefficiency and incompetency in office, and be fruitful of insubordination. We understand our conclusion of this question to have the support of the Supreme Court in the case of *Keim* v. *United States,* 177 U. S. 290, 44 L. ed. 774, 20 Sup. Ct. Rep. 574, when Mr. Justice Brewer, delivering the opinion of the court, says:

"The appointment to an official position in the government, even if it be simply a clerical position, is not a mere ministerial act, but one involving the exercise of judgment. The appointing power must determine the fitness of the applicant,—whether or not he is the proper one to discharge the duties of the position. Therefore, it is one of those acts over which the courts have no general supervising power. In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment. 'It cannot for a moment be admitted that it was the intention of the Constitution that those offices which are denominated inferior offices should be held during life.' * * * Unless, therefore, there be some specific provision to the contrary, the action of the Secretary of the interior in removing the petitioner from office on account of inefficiency is beyond review in the courts, either by mandamus to reinstate him or by compelling payment of salary as though he had not been removed. * * *

"Nowhere in these statutory provisions [civil service act of January 16, 1883] is there anything to indicate that the duty of passing in the first instance upon the qualifications of the applicants, or later, upon the competency or efficiency of those who have been tested in the service, was taken away from the administrative officers and transferred to the courts. Indeed, it may well be doubted whether that is a duty which is strictly judicial in its nature. * * *

"These are matters peculiarly within the province of those who are in charge of and superintending the departments, and until Congress by some special and direct legislation makes provision

to the contrary, we are clear that they must be settled by those administrative officers."

Having taken this view of the case, for the reason heretofore set out we find it unnecessary to pass upon the many other points raised, and, therefore, the action of the court below in denying the prayer of the petitioner for a writ of mandamus and the dismissal of the petition is *affirmed, with costs.*

A writ of error to the Supreme Court of the United States was prayed by the appellant, and allowed June 24, 1904.