### LONGFELLOW et al. v. GUDGER.

(Court of Appeals of District of Columbia. Submitted November 2, 1926. Decided December 6, 1926.)

·No. 4472.

1. United States ⚖⟾36—Surplus civil service employee with military preference held properly discharged without charges being preferred, on finding that her record was not good (Comp. St. §§ 245, 3285, 3287).

Under Act Aug. 15, 1876 (Comp. St. § 245), and particularly Act Aug. 23, 1912, §§ 4, 6 (Comp. St. §§ 3285, 3287), General Order of the Veterans' Bureau No. 265–B, Civil Service Commission rule 11, § 2, and executive order of March 3, 1923, a civil service employee of the United States Veterans' Bureau in the field service entitled to military preference, who was declared surplus at office where employed and whose record was found not good by her immediate superior, held properly discharged, though no charges were preferred against her in course of determining whether her record was good or otherwise.

**2. United States ⚖══36—Discharge of civil service employee having military preference, whose record was not good, held proper, irrespective of other's ratings (Comp. St. § 3285).**

Act Aug. 23, 1912, § 4 (Comp. St. § 3285), and executive order forbidding discharge of civil service employee with military preferences whose record is good, *held* not to preclude discharge of such employee, whose record was found not good, irrespective of rating of other employees not entitled to preference.

Appeal from Supreme Court of District of Columbia.

Action for mandamus by Annette F. Gudger against H. W. Longfellow, Chief of the Personnel Division of the United States Veterans' Bureau, and another. Judgment for petitioner, and defendants appeal. Reversed and remanded.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for appellants.

R. F. Downing and J. S. Hornback, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. Appellee, Annette F. Gudger, petitioner below, filed her petition in the Supreme Court of the District of Columbia, praying a writ of mandamus to compel the petitionees, defendants below, H. W. Longfellow, Chief of the Personnel Division of the United States Veterans' Bureau, Washington, D. C., and Frank T. Hines, Director of the same bureau, whichever was vested with authority in the matter, to countermand an order directed to her in writing by the regional manager of the Richmond, Va., regional office of the bureau, discharging her from service in that office as of the close of business December 15, 1925, at Richmond, and to direct that she be continued in her position in such office in her status and at her compensation until she was removed, reduced, or otherwise eliminated in accordance with the acts of Congress, orders of the President, and rules of the civil service commission relating thereto. A rule to show cause was issued. Defendants filed separate answers to the petition. Petitioner demurred thereto, and from a judgment in her favor the case is here on appeal.

[1] The material facts, which are agreed to, are as follows:

Appellee, in March, 1920, was honorably discharged from the United States Naval Reserve force as yeoman, first class, and, after obtaining a civil service status, she served the government as stenographer in several governmental departments in the years 1920 and 1921, voluntarily resigning therefrom in February of the latter year. In May, 1925, she again entered government employment under civil service status as stenographer in the United States Veterans' Bureau at Richmond, Va., and in June following was given permanent employment there, with military preference status under the civil service, by order of defendant Longfellow, as Chief of the Personnel Division of that Bureau, and was continuously there employed to December 15th following. On November 30, 1925, she received the following notice from the regional manager of the Richmond regional office, in which she was employed:

"Dear Madam: In accordance with the director's instructions to carry no more personnel than is actually required to carry on the work, and in view of the decreased activities in this regional office, you are advised that your services have been declared surplus, effective at the close of business December 15, 1925. Any annual leave to which you are entitled should be taken prior to the above specified date.

The dismissal embodied in this letter was based entirely upon the fact that her services were "surplus" in the office. Petitioner thereupon protested against her dismissal to defendant Longfellow, who wired her that he was advised her record in the Richmond office was not good, and that details would follow by letter. On December 12, 1925, she received a letter from the same regional manager of the Richmond office, supplementing the one of November 30th, the material part of which is as follows:

"In selecting you for discontinuance from the service, consideration was given your record during the time that you have been an employee of this office, which, as compared with other employees of similar status, was not good; in other words, you have been found to be the least efficient of all the employees in the stenographic section, with whom you are in competition, and, furthermore, you have been found to be lacking in co-operation and not amenable to office discipline to the same extent as the other employees in that section."

This letter was incorporated in defendants' answers. To dispose of the issues here it becomes necessary to refer to certain statutes, regulations, and orders.

In the Act of Congress approved August 15, 1876, 19 Stat. 169 (Comp. St. § 245), it was provided:

"That in making any reduction of force in any of the executive departments, the head

of such department shall retain those persons who may be equally qualified who have been honorably discharged from the military or naval service of the United States and the widows and orphans of deceased soldiers and sailors."

Section 4 of the Act approved August 23, 1912, 37 Stat. 413 (Comp. St. § 3285), provided:

"That in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped, or reduced in rank or salary."

Section 6 of the Act of August 24, 1912, 37 Stat. 555 (Comp. St. § 3287), provided:

"That no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing, and affidavits in support thereof; but no examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer making the removal, and copies of charges, notice of hearing, answer, reasons for removal, and of the order of removal shall be made a part of the records of the proper department or office, as shall also the reasons for reduction in rank or compensation, and copies of the same shall be furnished to the person affected upon request, and the civil service commission also shall, upon request, be furnished copies of the same. * * * "

At the time petitioner was given permanent employment in Richmond, there was in force General Order 265–B of the Veterans' Bureau, prescribing the procedure to be followed in connection with removal of employees. Section 1 thereof provides that such removals shall be made pursuant to section 6 of the Act of August 24, 1912, supra, which it quotes. Section 2 relates to discontinuing the service of temporary employees, etc., and is not relevant here.

Section 3 provides: "That before filing charges against an employee or taking any steps provided in the above act a preliminary investigation of the complaint should be made unless the facts indicate that such investigation is not necessary"—and points out how such preliminary investigation shall be made. Section 4 provides that, if the preliminary investigation does not disclose conditions justifying a suspension of the employee, the matter should be settled by the proper officer in control. Section 5 provides "that, if such preliminary investigation discloses conditions or facts which constitute a basis for charges and the retention of the employee on a duty status will be detrimental to the maintenance of discipline or prejudicial to the service," the officer in charge should suspend the employee, in which case the "offender" is to be notified thereof and furnished a copy of the charges and allowed an opportunity for answering the same. It contains provisions for the subsequent investigation.

Sections 6, 7, and 8 relate to the ensuing procedure, provide that the investigations attendant thereon shall present a definite schedule of the incidents which "constitute the breach of discipline, the misconduct, the shortcoming, the failure of duty or whatever the charge may be" against the employee, and also that the finding of the tribunal appointed by virtue of the sections to pass upon the cases, if approved by the director, shall be final.

Section 2, rule 11, of the Civil Service Commission, then also in force, is a repetition of section 6 of the Act of August 24, 1912, supra. At the time of petitioner's employment in question, there was also in force an executive order, promulgated March 3, 1923, amending relevant provisions of the civil service rules as follows:

"In harmony with further provisions, when reductions are being made in the force, in any part of the classified service, no employee entitled to military preference and appointment shall be discharged or dropped or reduced in rank or salary if his record is good."

The question at issue is whether, in view of all the foregoing, it was necessary, before the petitioner could be dismissed from service in the regional office at Richmond, when it was found necessary to reduce the working force, that charges should be preferred against her in accordance with section 6 of the Act of August 24, 1912, supra? The government says it was not, while the petitioner contends that, because of her military preference status, she could not be discharged so long as her record was good, even though there was nothing for her to do at the Richmond office, and, in addition, that the only lawful method to be employed to determine whether or not her record was good was to prefer charges against her and proceed to hearing in the manner provided by General Order 265–B.

Preliminarily, we note that the appellants insist, and appellee does not deny, that her employment was in the field service, as distinguished from the departmental service, and that there is no provision of law for the establishment of efficiency ratings in the field service of the Veterans' Bureau. We assume this to be true and there is nothing to indicate that petitioner has any *rating of record* whatever which can be examined for the purpose of ascertaining what, in fact, it is.

Petitioner does not claim that it was necessary to prefer charges against her, in order to determine whether or not she was "surplus" at the Richmond office, but admits she was "surplus." In view of this, we are of opinion that it was not necessary to prefer charges against her, in order to ascertain whether her record was good or otherwise. The duty and authority to determine her record was vested in her immediate superior, the regional manager of the Richmond office. He has performed that duty, and his action has been approved by his superiors, the appellants.

In Keim v. United States, 177 U. S. 290, 20 S. Ct. 574, 44 L. Ed. 774, the court considered the right of the Secretary of the Interior to discharge an employee whose rating as inefficient had been determined by his superiors without the preferment of charges against him or hearing thereon. The Act of August 15, 1876, supra, was invoked by the employee, and it was claimed that the court should determine whether or not he had discharged his duties faithfully and efficiently. With reference thereto the Supreme Court said:

"These are matters peculiarly within the province of those who are in charge of and superintending the departments, and until Congress by some special and direct legislation makes provision to the contrary we are clear that they must be settled by those administrative officers."

In Persing v. Daniels, 43 App. D. C. 470, this court had under consideration the Act of August 23, 1912, supra. An employee in the Washington navy yard, an honorably discharged soldier of the United States, whose record in the navy yard was rated good, was discharged by the Secretary of the Navy for lack of work, apparently without hearing. It appeared that no system of efficiency ratings applicable to his employment had been established or put in force. It was held, under that state of facts, that he was lawfully discharged, citing the Keim Case, supra, and United States ex rel. Taylor v. Taft, 24 App. D. C. 95.

The charges referred to in the Act of August 24, 1912, and General Order 265–B obviously relate to charges against an employee whose conduct is claimed to be [as suggested in section 5 of the order] "detrimental to the maintenance of discipline or prejudicial to the service," and such as would, if true, justify the use of the word "offender," employed in said section, as applicable to him, and do not relate to one whose discharge is based wholly upon the fact that he is "surplus."

The effect of the military preference status of the petitioner is to secure her retention in her employment so long as her record is good, provided there is work for her to do. What her record is in this case must be determined by her superior officers, who are not required to prefer charges against her, in the absence of any applicable statute or regulation so providing.

[2] The further fact, which appears in this case, that there are eight other stenographers employed in the Richmond regional office, who have no military preference and yet have not been discharged, does not help the petitioner. The provision in the Act of August 23, 1912, and the executive order, that an employee with military preference status shall not be discharged, if his rating is good, does not require investigation as to the rating of other employees preliminary to the determination of that of the petitioner. If this were so, it would seem, upon petitioner's theory, that, before her record could be found not good, charges must be preferred against the other stenographers and proceedings thereunder had to determine how their ratings compared with hers. But there is no provision in the law or regulations, so far as called to our attention, that so requires. Each, the petitioner included, must stand or fall on his own record.

The judgment below is reversed, with costs, and remanded for further proceedings not inconsistent herewith.