274

## MAGHAN v. BOARD OF COM'RS OF DISTRICT OF COLUMBIA et al.

### No. 8630.

United States Court of Appeals
District of Columbia.

Argued Feb. 8, 1944.·

Decided March 6, 1944.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, with whom Messrs. Richmond B. Keech, Corporation Counsel, District of Columbia, and Chester H. Gray, Assistant Corporation Counsel, District of Columbia, were on the brief, for appellees.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

Appellant has been a member of the Police Force of the District of Columbia since July 1, 1925. At some time during his service as a private he was assigned by proper authorities of the Department to the detective bureau, and under the regulation was, while so assigned, entitled to receive additional compensation and for the time being to be designated "detective-sergeant." On November 10, 1943, appellant was notified by the Department of the revocation of his assignment to the detective bureau and of his assignment thereafter to the traffic division. The notification stated that the transfer was made for the "good of the service."

The result was that appellant lost the additional compensation paid to privates detailed to special services in the detective bureau and likewise the temporary title of "detective-sergeant." Construing the action of the Department as a demotion and as reflecting upon the faithfulness of his service, appellant brought this suit in the United States District Court to restrain the Commissioners of the District from putting the order into effect and to require them to grant him a hearing in accordance with "due process of law," with the right to be informed of the charges against him, to be confronted by his accusers, to summon witnesses and to be represented by counsel. The Commissioners answered denying that the law contemplated a hearing as a condition precedent to the transfer of a police officer from the detective bureau to other duties and insisted that, to the contrary, the regulations specifically provide for such transfers without formal "hearing."

There followed hearings before several of the Judges of the United States District Court on bill, answer and affidavits, and finally Judge Bailey denied the injunction and held the Commissioners entitled to judgment as a matter of law. We are of opinion that this action was in all respects correct.

Appellant's argument is that a police officer, having Civil Service status,

as he has, may not be reduced in rank and salary under existing law and departmental regulations, without a hearing. But we think even if it be conceded, *arguendo*, that the transfer of appellant from the detective bureau to the traffic bureau was a demotion, the contention that he was entitled to a hearing prior to action by the Department is not sustainable under the law or by any police rule or regulation. Certainly, there is no statute which accomplishes that result, and the regulations of the Department also clearly indicate the contrary.

Section 2 of Chapter 22 of the Rules and Regulations of the Police Force provides:

"Assignments to the detective bureau of privates for special service in the prevention and detection of crime shall be made on the recommendation of the major and superintendent and approval of the Commissioners of the District of Columbia, and [the person so appointed] *may, without formal hearing, be relieved of such assignment upon recommendation of the major and superintendent and approval of the Commissioners* of the District of Columbia." (Italics supplied).

█ It is quite true, as appellant's counsel points out, that Section 11 of the Rules provides that the duration of the assignment to the detective bureau shall be dependent upon the quality of the officer's work, but the determination of this, as we have seen, is committed by the quoted rule to the judgment of the Superintendent and Commissioners. This is no more than a recognition of the well established principle that appointment to public office carries with it the right of removal—except where some law of Congress declares to the contrary. United States ex rel. Taylor v. Taft, 24 App.D.C. 95; Longfellow v. Gudger, 57 App.D.C. 50, 16 F.2d 653; United States ex rel. Crow v. Mitchell, 67 App.D.C. 61, 89 F.2d 805; Caswell v. Morgenthau, 69 App.D.C. 15, 98 F.2d 296. Nor is there any provision of the Civil Service statutes or rules which entitles appellant, of right, to a hearing and to be furnished with copies of charges and to be allowed to answer the same. Both the Civil Service laws and regulations requiring hearings and providing the scope thereof relate to removals from the service and not to reductions in rank or compensation. As to the latter, the most that is required is that

the reasons for reduction or demotion be made on the records of the Department and, upon request, be furnished to the person concerned.[1]

█ In the light of this established governmental policy, we have said again and again that interference by the courts with the routine duties of the executive departments would be productive of nothing but mischief and ought not to be indulged. See Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23, where the cases on the subject are collected, and Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186. In this view it is apparent that the question here is wholly one of law, to determine which a motion for summary judgment was proper.

Affirmed.

---

[1] Act of August 24, 1912, Chap. 389, 5 U.S.C.A. § 652; Civil Service Rules and Regulations, Nov. 30, 1941, p. 107.