JARRETT et al. v. NORFOLK REDEVELOPMENT AND HOUSING AUTHORITY.

No. 5742.

Circuit Court of Appeals
Fourth Circuit.

Aug. 10, 1948.

410

Louis B. Fine, of Norfolk, Va., for appellants.

Edward R. Baird, of Norfolk, Va. (Baird, White & Lanning, of Norfolk, Va., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge.

This is an appeal by plaintiffs from a summary judgment directing the dismissal of their complaint. The plaintiffs are tenants of the Merrimack Park Housing Project, and defendant is the Norfolk Redevelopment and Housing Authority, which constructed and is now operating that project. The object of the suit was to have two rent increases of 1945 and 1947 respectively declared invalid as violative of the provisions of the state and federal statutes and the contract between defendant and the Federal Public Housing Authority (FPHA), under which defendant is operating. The District Judge, being of opinion upon the pleadings and affidavits that no substantial question of fact was involved in the case and that plaintiffs were not entitled to the relief prayed, granted defendant's motion for judgment dismissing the complaint. The basis of the judgment is fully set forth in the opinion reported in Jarrett v. Norfolk Redevelopment and Housing Authority, D.C., 74 F. Supp. 585. We think that the action of the court below was clearly correct and little need be added to what was said in the opinion of the District Judge.

In 1937 Congress passed the United States Housing Act, 42 U.S.C.A. § 1401 et seq., creating the United States Housing Authority, to foster and encourage low rent housing construction by the several states and their political subdivisions. In 1938 the State of Virginia enacted the Virginia Housing Authorities law, Virginia Code of 1942, ch. 125B, providing for the creation of public corporations to erect and supervise low rent housing projects in cooperation with the United States Housing Authority; and the defendant was created under the provisions of this act. With the approach of war, the housing of persons essential to the national defense became important and Congress authorized the United States Housing Authority to cooperate with other governmental agencies in making such housing available. 42 U.S.C.A. § 1501 et seq. The Virginia Statute of 1942, c. 375, Code of 1942, ch. 125C, authorized the construction of defense housing by housing corporations created under Virginia law. On April 15, 1942, the defendant entered into a contract with the FPHA, which had succeeded to the rights and powers of the United States Housing Authority (Executive Order No. 9070, 50 U.S.C.A.Appendix, § 601 note), under which it proceeded to erect the Merrimack Park Housing Project, providing 500 apartments for naval personnel, near the Naval Air Station in Norfolk. The rents charged for these apartments were increased in 1945 and 1947 by the defendant, with the approval of the FPHA and the Office of Price Administration.

The principal contention of plaintiffs in this court is that the increases in rent are unlawful since they will create a reserve larger than required to meet the interest and principal payments on the indebtedness of defendant incurred in the construction of the apartments, if sixty year bonds are issued to cover the indebtedness. They say that, since the contract between defendant and FPHA allows sixty year bonds to be issued, and since the project is not to be operated at a profit, the rents should be no more than sufficient to create a reserve which at present rates of interest would meet the principal and interest payments on a bond issue extending for sixty years. The answer to this is that, even though it be true that the housing project is not to be operated for profit, nevertheless the time for which the bonds are to run and what is necessary to create and maintain the reserve to meet principal and interest payments on them are matters which the law vests in the discretion of

411

the defendant housing authority, as it does also the fixing of the rent which shall be charged for the apartments to meet expenses and interest and provide the reserve.

The only provision with respect to the time for which the bonds are to run is contained in sec. 2.04B of the contract, to the effect that "in no event shall the maturity of any bond exceed 60 years from the date of this contract";[1] and sec. 3145 (14) of the Virginia Code of 1942 vests unlimited discretion in the defendant authority as to the type of bonds which it shall issue.

The provision of the contract with respect to the rate at which rents are to be fixed is as follows:[2]

"Sec. 3.07. Operation of Project Without Profit.—The Local Authority covenants that the Project will not be operated for profit and that it will fix the rentals for dwellings in the Project at rates sufficient, but no higher than sufficient, to produce Revenues which (together with the annual contributions provided for herein and all other available moneys) will be adequate (a) to provide for the payment, as the same become due, of the principal of and interest on the Bonds, (b) to meet Operating Expenses, and (c) to discharge any other obligations arising under this Contract or the Resolutions."

The state statute, Code 1942, § 3145(9) relating to the fixing of rents, provides that the defendant authority "shall fix the rentals for dwellings in its project at no higher rates than it shall find to be necessary in order to produce revenues which (together with all other available moneys, revenues, income and receipts of the authority from whatever sources derived) will be sufficient (a) to meet the cost of, and to provide for, maintaining and operating the projects (including the cost of any insurance) and the administrative expenses of the authority; (b) to pay, as the

same become due, the principal and interest on the bonds of the authority; and (c) to create (during not less than the six years immediately succeeding its issuance of any bonds) a reserve sufficient to meet the largest principal and interest payments which will be due on such bonds in any one year thereafter and to maintain such reserve."

There is nothing in any of the foregoing, nor in all of it taken together, which requires that bonds be issued for sixty years or that rents be fixed upon the basis of such a bond issue. The provision that the project be operated without profit must be taken by the authority as a guide to the exercise of the discretion vested in it; but there is nothing in the pleadings or affidavits to support a finding that it has abused this discretion, that it has transcended its legal powers or that it has violated any of the provisions of the statutes under which it is operating or any provision of its contract with the FPHA. This being true, the complaint of plaintiffs was properly dismissed.

The fixing of rentals was a matter intrusted by law to the discretion of the defendant authority, not to the courts. Brand v. Chicago Housing Authority, 7 Cir., 120 F.2d 786, 788. The authority was clothed with the duty of fixing rents in the light of the standards prescribed by the statutes and contract referred to; and this, of course, required the exercise of a high order of business judgment and a wide discretion. The courts have no more power to interfere with the exercise of this discretion than with the discretion vested in a public service commission to fix rates. Only where the authority has transcended its legal powers, violated rules of law or abused its discretion may the courts intervene.

The judgment appealed from will be affirmed.

Affirmed.

---

[1] 42 U.S.C.A. § 1409 provides that loans made by the FPHA shall be repaid within a period not exceeding sixty years.

[2] 42 U.S.C.A. § 1504 provides that the FPHA "shall fix rentals for persons engaged in national defense activities and their families which will be within their financial reach" and in any contract for financial assistance shall require the fixing of such rentals.