**CARTER v. FORRESTAL et al.**

**No. 9369.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 22, 1949.

Decided May 4, 1949.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Eugene T. Maher, Attorney, Department of Justice, of the Bar of the Supreme Court of New York, New York City, pro hac vice, with whom Messrs. H. G. Morison, Assistant Attorney General, George Morris Fay, United States Attorney, Washington D. C. and Edward H. Hickey, Special Assistant to the Attorney General, were on the brief, for appellees.

Messrs. Joseph M. Friedman, Assistant Attorney General, and Ross O'Donoghue, Assistant United States Attorney, Washington, D. C., also entered appearances for appellees.

Before WILBUR K. MILLER and PRETTYMAN, Circuit Judges, and WATKINS, District Judge, sitting by designation.

WATKINS, District Judge.

In this action appellant seeks a declaratory judgment as to his permanent Civil Service status and requests an order in the nature of mandamus requiring his restoration to his position as a civilian employee of the Department of the Army.

The material facts are not in dispute and may be stated briefly. Appellant, an honorably discharged, disabled veteran of World War II, was a clerk-typist in the War Department, with a Civil Service classification, from February 13, 1941, until the date of his discharge on July 24, 1946, except for a period of about two years while in the military service. During the latter part of 1942, two creditors obtained two different judgments against him. For a period of nearly four years thereafter

he failed to pay these obligations. His wages could not be reached by garnishment or attachment, because such process must run against the employer, in this case, the United States, and the immunity of the United States from suit made the use of this process impossible. Beginning in February, 1941, the Department of the Army received 16 complaints arising out of his refusal to pay these debts. In addition to these complaints the record shows many memoranda addressed to him by his superiors and many memoranda from him in reply. For several years his superiors made every effort to give him opportunity to arrive at a satisfactory settlement with his creditors. He gave his superiors repeated assurance that he would carry out arrangements for the payment of his debts. He failed to pay his debts and was discharged on July 24, 1946, for violation of a War Department Regulation known as "Orders T." This regulation provides that any employee who willfully and without sufficient excuse or reason neglects or avoids payment of lawful indebtedness will be discharged with prejudice. Appellant appealed to the United States Civil Service Commission under the provisions of Section 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 863. The Chief Law Officer of the Civil Service Commission held that his discharge was in violation of the Veterans' Preference Act and recommended that he be restored to his position. The Board of Appeals and Review of the Civil Service Commission reversed that decision and approved the dismissal. Upon further appeal the Civil Service Commission affirmed the decision of the Board of Appeals and Review. This action for declaratory judgment was then instituted by appellant. The court below sustained appellees' motion for summary judgment, and this appeal followed.

Section 14 of the Veterans' Preference Act of 1944, upon which appellant relies, authorizes the discharge of veteran employees "for such cause as will promote the efficiency of such service." There is no definition in this statute or the Civil Service Commission regulations as to what constitutes "such cause as will promote the efficiency of such service." The language is derived from Section 6 of the Act of August 24, 1912, 5 U.S.C.A. § 652, 37 Stat. 555, which is a general statute relating to the discharge of employees from the classified service. In the many cases arising under that statute, the courts have uniformly held that the administrative determination by the employing agency of what constitutes cause for discharge will not be judicially reviewed. Keim v. United States, 1900, 177 U.S. 290, 1918, 20 S.Ct. 574, 44 L. Ed. 774; Eberlein v. United States, 1921, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140, affirming, 1918, 53 Ct.Cl. 466; White v. Berry, 1898, 171 U.S. 366, 18 S.Ct. 917, 43 L.Ed. 199; Siskind v. Morgenthau, 1945, App.D.C., 152 F.2d 286; Hammond v. Hull, 1942, 76 U.S.App.D.C. 301, 131 F.2d 23, certiorari denied 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L. Ed. 1145; Love v. United States, 8 Cir., 1939, 108 F.2d 43, certiorari denied 1940, 309 U.S. 673, 60 S.Ct. 716, 84 L.Ed. 1018; Levine v. Farley, 1939, 70 App.D.C. 381, 107 F.2d 186, certiorari denied 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519; United States ex rel. Taylor v. Taft, 1904, 24 App.D.C. 95, writ of error dismissed 1906, 203 U.S. 461, 27 S.Ct. 148, 51 L.Ed. 269. In Levine v. Farley, supra, this court said: "We, therefore, hold that, where action is taken in removing from office an employee in the classified service and the action is in accordance with the requirements of the statute relating thereto, such action is not reviewable by mandamus, and a court of law has no jurisdiction to inquire into the guilt or innocence of the employee as to the charges upon which he was removed." [70 App.D.C. 381, 107 F.2d 191]

▉ The appellees have determined that appellant's discharge will promote the efficiency of the service. This administrative action has been appealed to the final authority designated by Congress to rule upon his discharge, and is not subject to judicial review. Appellant's effort to secure a judicial review of what constitutes "a cause that will promote the efficiency of the service" falls directly within the scope of the rule relating to the review of discharges under the Act of 1912. His resort to the courts is in derogation of the rule which restrains judicial interference in

366

the exercise of executive discretion. If the decision of the Civil Service Commission were open to review, we find ample evidence in the record to support the conclusions reached. Its decision was in no manner arbitrary, capricious or unreasonable.

■■ Neither do we find any merit in appellant's contentions that the War Department regulation (Orders T) was invalid. There is both constitutional authority, Constitution, Article II, Section 2, and statutory authority, Sec. 161, R.S., 5 U.S. C.A. § 22, authorizing the Secretary of War to promulgate regulations specifying what shall be considered grounds for the dismissal of an employee. Congress may by law limit such right of dismissal, United States v. Perkins, 116 U.S. 483, 6 S.Ct. 449, 29 L.Ed. 700, but the courts have held that in the absence of such limitations, the power of removal is an incident of and follows the power of appointment. Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140.

Section 161 of the Revised Statutes, 5 U.S.C.A. § 22, provides: "Departmental regulations. The head of each department is authorized to prescribe regulations, not inconsistent with law, for the government of his department, the conduct of its officers and clerks, the distribution and performance of its business, and the custody, use, and preservation of the records, papers, and property appertaining to it."

■ A regulation adopted under Section 161 "should not be disregarded or annulled unless, in the judgment of the court, it is plainly and palpably inconsistent with law." Boske v. Comingore, 177 U.S. 459, 470, 20 S.Ct. 701, 706, 44 L.Ed. 846.

The only limitation upon the authority of the Secretary to dismiss employees in the classified civil service is applicable to veterans and non-veterans alike. The reason for dismissal is limited to "such cause as will promote the efficiency of the service." We believe that dismissal for wilful refusal or negligent failure to pay lawful debts without sufficient excuse or reason is clearly for a cause that will promote the efficiency of the service. Such a regulation is manifestly within the statutory authorization.

■ Finally, appellant claims that the regulation is invalid because it prescribes a "penalty". It is abundantly clear that the regulation is in no sense a penalty. No corporal or pecuniary punishment for a crime is involved. The Secretary has done nothing more than set up a standard of conduct for his employees, for whose work he is responsible.

Affirmed.