## MANNING
### v.
### STEVENS, Secretary of the Army et al.
### No. 11789.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 8, 1953.

Decided Dec. 23, 1953.

Mr. Claude L. Dawson, Washington, D. C., with whom Mr. Howard J. McGrath, Washington, D. C., was on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were on the brief, for appellees.

Messrs. Lewis A. Carroll, Asst. U. S. Atty., and William R. Glendon, Asst. U. S. Atty. at time record was filed, Washington, D. C., entered appearances for appellees.

Before EDGERTON, WILBUR K. MILLER and DANAHER, Circuit Judges.

PER CURIAM.

Section 14 of the Veterans Preference Act of 1944 [1] provides that no permanent or indefinite veteran preference eligible shall be discharged except in accordance with statutory provisions which include a right to at least thirty days' advance written notice "stating any and all reasons, specifically and in detail, for any such proposed action". By a notice dated July 3, 1950, stated therein to be "in accordance with Section 14 of the Veterans Preference Act of 1944," a "charge" was filed against appellant, a veteran preference eligible, with a view toward separating him from his civilian employment with the Department of the Army. Appellant was advised that he had until July 13, 1950 to submit "reason in writing" as to why the proposed action should not be taken.

Within the time so fixed, on July 12, 1950, appellant filed an answer denying the "charges" and protesting against alleged deficiencies in the notice of separation in that the notice had failed to state "reasons, specifically and in detail" for the proposed action. On July 27, 1950 the Department of the Army rejected appellant's protest, advised appellant that his reply did not justify a change in the proposed action and that accordingly, appellant was to be separated from the service as of August 4, 1950. Appellant was so separated from the service, and from the order of separation appeal was taken. The Civil Service Commission's chief law officer sustained the action taken by the Department of the Army, and the Commission's Board of Appeals and Review affirmed. Appellant sued for declaratory and affirmative relief: The District Court granted the appellees' motion for summary judgment.

From that judgment appellant has brought his case here and still protests that the notice of separation was deficient in its failure, within the requirements of Section 14 of the Veterans Preference Act, supra, to state any and all reasons "specifically and in detail" for the action proposed to be taken. His complaint on the record in this case and in view of the nature of the "charge" against him, is well founded, and in our opinion, appellant was entitled to the particulars he sought. Cf. Money v. Anderson, 1953, 93 U.S.App. D.C. ——, 208 F.2d 34; Deak v. Pace, 88 U.S.App.D.C. 50, 185 F.2d 997. The judgment of the District Court is

Reversed.

---

1. 58 Stat. 390 (1944), 5 U.S.C. § 863 (1946).