**WILLIAMS v. CRAVENS.**

**No. 11777.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 22, 1954.

Decided Feb. 25, 1954.

Petition for Rehearing Denied March 26, 1954.

Mr. Keith L. Seegmiller, Washington, D. C., Messrs. Ray R. Murdock and Irving Wilner, Washington, D. C., on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., Washington, D. C., Messrs. Leo. A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, on the brief for appellee. Messrs. Lewis A. Carroll, Asst. U. S. Atty., and William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time record was filed, for appellee.

Before EDGERTON, PRETTYMAN and DANAHER, Circuit Judges.

PER CURIAM.

This is one more in the series of cases [1] where the employment of one in the classified Civil Service has been terminated "for such cause as will promote the efficiency of such service", as the statute puts it.[2] In his complaint in the District Court the appellant alleged: "The action of the said Administrator, W. Stuart Symington, in terminating plaintiff's services was arbitrary and capricious and in violation of procedural provisions of law. (Act of August 24, 1921, as amended by Act of June 10, 1948, 5 U.S.Code § 562 (sic), and section 9.102 of the Regulations of the Civil Service Commission.)"[3]

Appellant was a loan examiner in the Office of Loans in the Business Loans Division of the Reconstruction Finance Corporation when, under date of October 26, 1951, he was notified in writing that he had "interfered or attempted to interfere with officials of the Corporation by endeavoring to influence their judgment and recommendation with respect to loan applications under consideration." Much had gone on within the Corporation before the letter was written, appellant had been interviewed, specific cases had been called to his attention, conferences had been had with respect to his memoranda of explanation and otherwise. Appellant himself interpreted this particular "reason" to mean that he had "endeavored to improperly influence" action on loans, as he wrote. Whether this first "reason" be sufficiently specific or otherwise, our decision may properly rest upon a second reason cited by the Administrator, and since both reasons were independent, proper action under either would be adequate. This second reason, quite sufficient by itself, in our view meets procedural requirements, and if there be adequate ground to sustain the Corporation's action on this latter aspect, appellant's appeal from the denial of his motion for summary judgment must fall.

The Corporation's letter specified as the second reason: "In passing on particular loans, you have failed to consider all important and relevant data. This has led to actions on the part of the Corporation which have been severely criticized and has made it impossible to rely upon your judgment, findings and recommendations." Appellant demanded that he be given "a specific and detailed list of the loans and instances in which I am alleged to have failed to consider all important and relevant data," and the Administrator promptly replied specifying several such. Appellant by affidavit furnished to the District Court a job description outlining the duties of his position as a loan examiner stating

1. See cases cited in Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507 (1949).

2. 37 Stat. 555 (1912), 5 U.S.C.A. § 652 (1952).

3. In argument, appellant made it clear that he is not claiming under the Veterans Preference Act and that he did not press the point in his brief that "the charges against appellant do not state a cause for the good of the service for which removal of an employee is permitted by statute."

that "The position required the handling of complex loan applications from various business enterprises. The work involved an analysis of problems of more than average difficulty, and the servicing and administrating (sic) of loans already granted. The duties entailed the preparation of memoranda and detailed reports on proposals or requests relating to changes or modification in details and conditions of loans, including recommendations of courses of action to be followed, due regard being given to defending the interests of the Corporation."

In view of the exacting and important requirements mentioned, the Corporation determined that the appellant's failure to consider all important and relevant data in the specified instances had made it impossible to rely upon his judgment, findings and recommendations. Surely such a decision is within the province of the employing agency.

Given "substantial compliance" with procedural requirements which the record discloses was had in this case, "the courts have uniformly held that the administrative determination by the employing agency of what constitutes cause for discharge will not be judicially reviewed."[4]

The situation here is clearly to be distinguished from such cases as Money v. Anderson,[5] Manning v. Stevens,[6] and Deak v. Pace[7] where the "charge" involved was one of dereliction, possibly criminal in character. In those cases the statements of the charges were too vague to inform the employees with reasonable certainty of the causes for their proposed removal. Compare Mulligan v. Andrews,[8] where the reasons for discharge were not sufficiently related to the original charges. In contrast, the charges here were amplified, upon request, by particulars, and in the light of all the circumstances, they furnished appellant with sufficient information to prepare his defense.

After careful review of the entire record in the case, we are satisfied that the action of the Administrator was not arbitrary or capricious and did not violate procedural provisions of law. Accordingly, the judgment of the District Court is

Affirmed.

---

4. Carter v. Forrestal, supra, 85 U.S.App. D.C. at page 54, 175 F.2d at page 365.

5. 93 U.S.App.D.C. ——, 208 F.2d 34 (1953).

6. 93 U.S.App.D.C. ——, 208 F.2d 827 (1953).

7. 88 U.S.App.D.C. 50, 185 F.2d 997 (1953).

8. 93 U.S.App.D.C. ——, 211 F.2d 28 (1954).