Larry T. GURLEY, Appellant,

v.

Charles E. WILSON, Secretary of Defense, et al., Appellees.

No. 12985.

United States Court of Appeals
District of Columbia Circuit.

Argued May 18, 1956.

Decided May 31, 1956.

Petition for Rehearing Denied
Nov. 21, 1956.

958

Mr. Robert L. Ackerly, Washington, D. C., for appellant.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees. Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN, WILBUR K. MILLER and DANAHER, Circuit Judges.

PER CURIAM.

That laches may bar appellant's relief is not to be doubted, Grasse v. Snyder,

1951, 89 U.S.App.D.C. 352, 192 F.2d 35, indeed the doctrine may be applicable here. But the record lacks findings as to the particulars upon which the court relied when appellees' motion for summary judgment was granted on that ground.

■ The appellant had been discharged from Government employ for failure to pay to a Government dispensary a charge of $2 which a personnel officer decided constituted a just debt. Appellant clearly alleged that he had been denied a hearing on the merits of his defense to the alleged debt, although Army Orders "T",* here invoked against him, contemplates discharge for nonpayment only if the indebtedness has been contracted and remains unpaid "without sufficient excuse or reason." Appellees' motion must be taken to have admitted the allegations of the complaint. Accordingly, there would seem to remain a genuine issue as to a material fact.

Reversed.

On Petition for Rehearing

■ The Government moves for rehearing. It misunderstands, we think, our brief opinion of May 31, 1956, in this matter. Of course findings of fact are unnecessary to summary judgment.[1] But a trial court may make such findings as a basis for summary judgment,[2] and when made they are often helpful to an appellate court.[3] In the present case the District Court did not make findings of fact, and we said so; we said no more than that on the point.

■ On the record as it is before us we are of opinion that the plaintiff was

* Also relied upon in Carter v. Forrestal, 1949, 85 U.S.App.D.C. 53, 54, 175 F.2d 364, 365, certiorari denied 1949, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507.

1. Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A.

2. See Filson v. Fountain, 1948, 84 U.S. App.D.C. 46, 171 F.2d 999, reversed on other grounds, 1949, 336 U.S. 681, 69 S. Ct. 754, 93 L.Ed. 971; Lindsey v. Leavy, 9 Cir., 1945, 149 F.2d 899, certiorari de-

nied, 326 U.S. 783, 66 S.Ct. 331, 90 L. Ed. 474.

3. See, e. g., Jarrett v. Norfolk Redevelopment & Housing Authority, D.C.E.D. Va.1947, 74 F.Supp. 585, affirmed 4 Cir., 1948, 169 F.2d 409, certiorari denied, 1948, 335 U.S. 886, 69 S.Ct. 238, 93 L. Ed. 425; Huffman v. Norfolk & Western Ry. Co., D.C.W.D.Va.1947, 71 F.Supp. 564; Prudential Ins. Co. of America v. Goldstein, D.C.E.D.N.Y.1942, 43 F.Supp. 767.

sufficiently diligent in prosecuting his claim and also that it was not shown the Government was prejudiced by the delay. In other words we hold, as conclusions of law on the undisputed facts, Gurley did not delay unreasonably and the Government was not shown to be prejudiced by such delay as did occur.

In respect to the delay, within three days after his discharge the plaintiff filed suit in the District Court for the Northern District of California. A year passed before that court dismissed the action, on the ground that jurisdiction was in the District of Columbia. According to the plaintiff's affidavit he was then "without any funds whatsoever", but as soon as he could save enough money to travel to Washington he did so and worked here until he saved the amount required to bring the present action. This complaint was filed approximately one year after the case in the District Court in California was dismissed. Upon the facts in this record the delay was not unreasonable; Gurley was sufficiently diligent.

■ In respect to the second point it appears that plaintiff had a permanent Civil Service status and a position as a "saw reconditioner" at an ordnance depot, obviously a subordinate position. In connection with an assignment to housing on the post he was ordered to appear for an X-ray, and thereafter he received a bill for two dollars ($2.00) for the X-ray. He claimed that the bill was an unlawful charge, in direct violation of a directive of the Secretary of the Army, and he requested a grievance hearing on the validity of the debt. He was not given and has never had such a hearing. He was removed for violation of Army Orders "T", which provide:

> "An employee who contracts indebtedness and then wilfully without sufficient excuse or reason neglects or avoids payment thereon will be discharged."

We fail to see how the Government is prejudiced when a carpenter, working as a saw reconditioner, delays for one year his filing of a suit based upon the failure of the Government to give him a hearing upon the validity of a $2.00 debt under an Army regulation. The Government did not claim on this record that necessary witnesses became unavailable or that plaintiff's reinstatement after this lapse of time would disrupt the Government service; the plaintiff does not claim back pay. Thus the usual incidents of prejudice to the Government do not appear here. The claim of prejudice is *de minimis,* indeed almost frivolous. We hold that upon the facts in this record the Government did not show that it was prejudiced, and that in a trivial affair of this nature the particular delay, having been explained, did not *ipso facto* give rise to a presumption of prejudice. After all, presumptions are rebuttable.

Appellees' petition for rehearing is

Denied.