Clement L. McEACHERN, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 4140.

United States District Court
W. D. South Carolina,
Greenville Division.

Jan. 7, 1963.

Charles C. Moore, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

The above case is before me upon the motion of the defendant to dismiss upon the following grounds: 1. That this Court has no jurisdiction to review the decision of the Civil Service Commission in this case; 2. The individual members of the Civil Service Commission are indispensable parties to this action but have not been sued; 3. The Commissioner of Social Security, as the removing authority, is an indispensable party who has not been sued; 4. Plaintiff seeks affirmative relief in the nature of mandamus which is not a proper remedy against the United States since Congress has not consented to waive sovereign immunity against mandatory or injunctive relief; 5. Suits against the United States are proper only where Congress has consented to waive sovereign immunity. Congress has not consented to such a waiver with passage of the Tucker Act and the Tort Claims Act. Since both of these statutes provide only for money damages, plaintiff's action seeking "to review and reverse the decision of the United States Civil Service Commission"

is an unconsented suit against the United States; 6. The United States has not been served with process as is required by Rule 4(d) (4) F.R.Civ.P. in that a copy of the summons and complaint have not been sent to the Attorney General by registered mail.

Plaintiff was appointed on July 25, 1958, Hearing Examiner for the Social Security Administration, Department of Health, Education and Welfare, under the provisions of Section 11 of the Administrative Procedure Act, 60 Stat. 244, 5 U.S.C. § 1010.

On October 20, 1961, the Social Security Administration commenced a proceeding against the plaintiff seeking his removal from the office of Hearing Examiner by filing a statement of charges against him with the Civil Service Commission and served a statement of the charges on the plaintiff, asking the Civil Service Commission to determine whether the Social Security Administration had shown good cause to remove the plaintiff as Hearing Examiner in the Social Security Administration. The statutory basis for the proceeding against the plaintiff is Section 11 of the Administrative Procedure Act, 60 Stat. 244, 5 U.S.C. § 1010, the pertinent part of which is as follows: "* * * Examiners shall be removable by the agency in which they are employed only for good cause established and determined by the Civil Service Commission * * * after opportunity for hearing and upon the record thereof. * * *"

The general charge against the plaintiff is as follows: "Your failure to meet your financial obligations and your financial irresponsibility is in direct violation of the policy of the Department as set forth in Personnel Guide 2 of Chapter C–2 of the Department's personnel manual. Your conduct has been such as to bring discredit on the Office of Hearings and Appeals, the Social Security Administration and the Department of Health, Education, and Welfare, and on the basis of the facts stated below warrants your removal from the position of hearing examiner with the Social Security Administration."

Personnel Guide 2, Chapter C–2 of the Department's Personnel Manual, states: that it "becomes a matter of concern to the Department when complaints are received from (an employee's) creditors, when it appears that financial difficulties are impairing his efficiency on the job, or when, by reason of his irresponsibility, the attitude of the general public toward the Department is adversely affected."

The basis of the facts in the general charge was stated in eight separate specifications.

On March 19, 1962, one of the Commissioners in Civil Service Commission held a hearing on the general charge and specifications. On June 1, 1962, the said Commissioner filed and served on the parties his Recommended Decision. On June 16, 1962, the Civil Service Commission concluded that "(1) On the record before us the respondent's neglect of the financial obligations described in Charges I, II, III, and IV, was unjustified and of serious character. (2) There is no evidence of conscientious, sustained effort on the respondent's part to pay his debts through small, periodic payments. (3) Evidence of the several complaints to the Agency respecting the accounts demonstrates, without separate proof thereof, that these matters have brought discredit upon the Agency and the Department, and (4) The respondent has violated the policy of the Department respecting employee indebtedness."

Whereupon the Commission ordered the removal of plaintiff from the office of Hearing Examiner of the Social Security Administration. This decision and order constitute final agency action.

The plaintiff having exhausted his administrative remedies now appeals to this Court for relief by filing this action against the United States seeking a review and reversal of the decision and the Order of the Civil Service Commission and his reinstatement to the office of Hearing Examiner of the Social Security Administration.

Plaintiff says in his brief that his action is one "To review, judicially, the action of an agency of the United States" pursuant to Section 10 of the Administrative Procedure Act.

Section 1009 and 1009(a), 5 U.S.C.A., provide, as follows: "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion. (a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

■ It is true that Section 1009(a) states that "Any person suffering legal wrong because of any agency action, * * * shall be entitled to judicial review thereof", however, neither this provision nor any other clause of Section 10 extends the jurisdiction of the federal courts to cases not otherwise within their jurisdiction. Kansas City Power & Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, 932–933, certiorari denied 1955, 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780; Aktiebolaget Bofors v. United States, 1951, 90 U.S.App.D.C. 92, 194 F.2d 145; Almour v. Pace, 1951, 90 U.S.App.D.C. 63, 193 F.2d 699; Ove Gustavsson Contracting Company v. Floete, 278 F.2d 912 (C.A.2, 1960). The purpose of Section 10 is to define the procedures and manner of judicial review of agency action, rather than to confer jurisdiction upon the federal courts. Moreover, the Administrative Procedure Act provides "Examiners shall be removable by the agency in which they are employed only for good cause established and determined by the Civil Service Commission * * * after opportunity for hearing and upon the record thereof." 5 U.S.C.A. § 1010.

■ The courts have no power to review the action of an agency of the executive branch of the Government in separating one of its employees from the service, provided the procedural requirements of the law have been complied with by the executive agency. If the procedural limitations have been transgressed, for example, if a Government employee with Civil Service status is removed without charges or without an opportunity to answer charges in violation of the Civil Service Act, 5 U.S.C.A. § 632 et seq., the Courts may interfere. If, however, the procedural requirements are observed, then the Court has no power to review the decision of the executive agency on the merits, even if the Court deems the decision to be erroneous. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; United States ex rel. Taylor v. Taft, 24 App.D.C. 95; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186; Hammond v. Hull, 76 U.S.App.D.C. 301, 131 F.2d 23; Golding v. United States, 78 Ct.Cl. 682; Asher v. Forrestal, 71 F.Supp. 470, (D.C.D.C.,1947).

■ It is well established that the courts will not interfere with the management of the executive branch of the Government. Decatur v. Paulding, 1840, 14 Pet. 497, 40 U.S. 497, 10 L.Ed. 559; Keim v. United States, 1900, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Powell v. Brannan, 1952, 91 U.S.App.D.C. 16, 196 F.2d 871; Levy v. Woods, 1948, 84 U.S.App.D.C. 138, 171 F.2d 145; Friedman v. Schwellenbach, 1946, 81 U.S.App. D.C. 365, 159 F.2d 22, certiorari denied, 1947, 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285; Hammond v. Hull, 1942, 76 U.S. App.D.C. 301, 131 F.2d 23, certiorari denied, 1943, 318 U.S. 777, 63 S.Ct. 830, 87 L.Ed. 1145; Levine v. Farley, 1939, 70 App.D.C. 381, 107 F.2d 186, certiorari denied, 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519; Bailey v. Richardson, 1950, 86 U.S.App.D.C. 248, 182 F.2d 46, affirmed, 1951, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352. The Administrative Procedure Act specifically gives the Civil Service Commission authority to promulgate rules and regulations. The administrative determination by the employing agency of what constitutes cause for discharge will not be judicially reviewed. Where action is taken in removing from office an employee in the classified civil service and the action is in accordance with the requirements of the statute re-

lating thereto, a court of law has no jurisdiction to inquire into the guilt or innocence of the employee as to the charges upon which he was removed. Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364 (C.A.D.C.,1949); Levine v. Farley, 1939, 70 App.D.C. 381, 107 F.2d 186, certiorari denied 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519.

■■■ The power of appointment to public office carries with it the right of removal. United States ex rel. Taylor v. Taft, 24 App.D.C. 95; Longfellow v. Gudger, 57 App.D.C. 50, 16 F.2d 653; United States ex rel. Crow v. Mitchell, 67 App.D.C. 61, 89 F.2d 805; Caswell v. Morgenthau, 69 App.D.C. 15, 98 F.2d 296. And the reason for the rule is that "interference of the courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief". Decatur v. Paulding, 14 Pet. 497, 515, 10 L.Ed. 559, 609. Unless an examination of the record showed (a) that the action of the Civil Service Commission in removing plaintiff from office was clearly a violation of some provision of law or (b) that the Civil Service Commission failed to observe and carry out the procedure for removal as provided by law, this court would have no jurisdiction. Levine v. Farley, 1939, 70 App.D.C. 381, 107 F.2d 186, certiorari denied 1940, 308 U.S. 622, 60 S.Ct. 377, 84 L.Ed. 519.

■■■ Unless limited by constitution or federal statute, "the power of appointment to public office carries with it the right of removal." Levine v. Farley, supra. It is fully established that if the prescribed procedure, if any, is followed and no constitutional or statutory right is denied, action of executive officers in discharging employees is not subject to review in the courts. Keim v. United States, supra; Eberlein v. United States, supra; Friedman v. Schwellenbach, supra. The allegations and contentions that the plaintiff was innocent of the charges preferred against him and that the investigation which resulted in his removal was biased, prejudiced, and un-

fair, are immaterial. Golding v. United States, supra; Cf. Asher v. Forrestal, supra. "[A] court of law has no jurisdiction to inquire into the guilt or innocence of the employee as to the charges upon which he was removed." Levine v. Farley, supra.

On October 5, 1962, the Congress of the United States passed the following statute: "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That chapter 85 of title 28 of the United States Code is amended—

"(a) By adding at the end thereof the following new section:

" '§ 1361. Action to compel an officer of the United States to perform his duty

" 'The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'

"(b) By adding at the end of the table of sections for chapter 85 of title 28 of the United States Code the following: " '1361. Action to compel an officer of the United States to perform his duty.'

"Sec. 2. Section 1391 of title 28 of the United States Code is amended by adding at the end thereof the following new subsection:

" '(e) A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

" 'The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and

complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.'"

In plaintiff's written brief he says that he is not seeking the affirmative relief in the nature of mandamus but is seeking a review of the decision of an administrative agency, namely, the Civil Service Commission, to determine if the decision of the administrative agency is based upon substantial evidence and if the plaintiff is entitled to a trial de novo by this court, but he says, however, if this court finds that the decision of the Civil Service Commission is not in accordance with law, is unsupported by competent, material and substantial evidence, or is arbitrary or capricious, mandamus will lie and pursuant to the provisions of the Statute of October 5, 1962, the court can issue a mandamus to compel the Civil Service Commission to reinstate him.

An interpretation of the Act of October 5, 1962, is of first impression. The Legislative History of this Act shows that the purpose of the amendments is to provide specifically that the jurisdiction conferred on the district courts by the act is limited to compelling a Government official or agency to perform a duty owed to the plaintiff or to make a decision, that is, to act where there is a duty or an obligation to act, or where the official or agency has failed to make any decision in a matter involving the exercise of discretion and only to order that a decision be made with no control over the substance of the decision. The purpose of the Act is not to direct or influence the exercise of discretion of the officer or agency in the making of the decision, or to order the Government official to act contrary to his discretion. It does not supersede other specific statutory provisions. The further purpose of the Act is to make it possible to bring actions against Government officials and agencies in United States district courts outside the District of Columbia, which, because of certain existing limitations on jurisdiction and venue, may now be brought only in the United States District Court for the District of Columbia. This Act does not create new liabilities or new causes of action against the United States Government or its officials. United States Code Congressional and Administrative News, 87th Congress—Second Session, 1962, No. 17, pages 2784, 2785, 2787.

Finally, plaintiff contends that the Social Security Administration through the Appeals Council, brought the proceedings against him in an arbitrary, capricious manner, and the Order and decision of the Civil Service Commission was arbitrary, capricious and an abuse of discretion and against his constitutional rights and not in accordance with law.

I cannot say that the Commission was wrong without re-evaluating the evidence, a task which I cannot undertake, nor can I say from the record in this case that the decision of the Commission was arbitrary, capricious and an abuse of discretion and against his constitutional rights and not in accordance with law.

"The position of hearing examiners is not a constitutionally protected position. It is a creature of congressional enactment." The plaintiff has no vested right to the position as examiner, and can be, in accordance with the provisions of the Administrative Procedure Act, discharged for cause as therein set out. Ramspeck v. Federal Trial Examiners Conf., 1953, 345 U.S. 128, 133, 73 S.Ct. 570, 97 L.Ed. 872.

I cannot say that a wilful refusal or negligent failure to pay lawful debts without sufficient excuse or reason does not constitute good cause for dismissal or that it is not a cause that will promote the efficiency of the service, nor can I say that it is not for the good of the service. Such a regulation is manifestly within the statutory authorization. Carter v. Forrestal, (C.A.D.C., 1949) 85 U.S.App.D.C. 53, 175 F.2d 364.

For the foregoing reasons the motion of the defendant to dismiss on the first ground should be granted.

Having reached this conclusion it is not necessary for me to consider or decide the other grounds of the motion to dismiss.

It is, therefore, Ordered, That the motion of the defendant to dismiss on the first ground be and the same is hereby Granted.