### UNITED STATES ex rel. RHODES v. HELVERING, Commissioner of Internal Revenue, et al.

#### No. 6560.

United States Court of Appeals for the District of Columbia.

Decided May 4, 1936.

F. Hunter Creech and Joseph T. Sherier, both of Washington, D. C., for appellant.

Leslie C. Garnett and John J. Wilson, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from an order of the lower court overruling a demurrer to appellee's answer to appellant's amended petition, dismissing the petition, and discharging the rule to show cause issued thereon.

It appears by the amended allegations of the petition and the answer filed in the lower court that on and prior to July 15, 1933, appellant was employed in the Bureau of Internal Revenue as a duly qualified, classified civil service employee at an annual salary of $2,900, and had served continuously as such for more than fourteen years and eight months.

On July 7, 1933, the appellee, Helvering, as Commissioner of Internal Revenue, notified appellant that he had recommended her dismissal effective July 15, 1933, on which latter date she was dismissed. Appellant protested against this order, and unsuccessfully sought and continued to seek reinstatement, but has never been restored to her position.

The present case was brought by her, seeking a writ of mandamus against the Commissioner of Internal Revenue, the Secretary of the Treasury, and the Commissioners of the United States Civil Service Commission for an order restoring her to her former position and for the payment to her of her salary during the period of separation.

It appears that on July 7, 1933, it became and was necessary to reduce the personnel in the Bureau of Internal Revenue of the Treasury Department, by reason of lack of salary appropriations; that the appellant on that date was a married person living with her husband and was employed in the Bureau of Internal Revenue in a class of positions known as associate accountant and auditor, grade C. A. F. 8; that the appellees, the Commissioner of Internal Revenue and the Secretary of the Treasury, determined that the personnel in the class in which the appellant was employed should be reduced by dismissal on account of such lack of appropriations; that appellant's husband on said date was also in the service of the United States government; that the appellees, acting under section 213 of the "Economy Act" of June 30, 1932 (5 U.S.C.A. §§ 35a, 37a), selected appellant for dismissal; the provisions of this section reading as follows: "In any reduction of personnel in any branch or service of the United States Government or the District of Columbia, married persons (living with husband or wife) employed in the class to be reduced, shall be dismissed before any other persons employed in such class are dismissed, if such husband or wife is also in the service of the United States or the District of Columbia." 5 U.S.C.A. § 37a.

The Commissioner of Internal Revenue and the Secretary of the Treasury selected appellant for dismissal and dismissed her on July 15, 1933, and so notified the Civil Service Commission on July 17, 1933. The Board of Review of the Bureau of Internal Revenue subsequently forwarded the separation ratings of appellant to the Civil Service Commission, and on January 18, 1934, the Civil Service Commission approved appellant's separation from the service on account of reduction of force. On January 22, 1934, appellant was advised that at the direction of the respondent Secretary of the Treasury her services were discontinued, effective July 15, 1933.

The appellant contends that her dismissal was illegal, in that it violated Executive Order No. 4240, dated June 4, 1925, which order provides in part as follows: "Demotions and separations from each class heretofore or hereafter established by the Personnel Classification Board will be made in order beginning with the employee having the lowest rating. * * *"

And likewise violated the provisions of Executive Order No. 6175 of June 16, 1933, which provides in part as follows: "When preparing lists from which to select employees for demotion or for separation on account of reduction in force, there shall be given a credit for length of service of $\frac{2}{10}$ of one point for each full year of Government service for the first five years, $\frac{5}{10}$ of one point for each of the next two years, and 1 point for each year thereafter, except that the maximum credit for length of service shall not exceed 10 points. * * *"

And was likewise in violation of Executive Order No. 6495 of December 14, 1933, which provides in part as follows: "1. Where the number of officers and employees on any class of work in the central office in an appropriation unit, as defined by the Comptroller General under the average provision of appropriation acts, or in a local field office of any department or independent establishment, is in excess of the number required, a uniform rotative furlough of 90 days or less without pay may be applied to all officers and employees of such unit or local office. * * *"

And in violation of an act of Congress approved June 16, 1933 (Public No. 78, 73d Cong., 48 Stat. 306 [5 U.S.C.A. § 673 note]), reading in part as follows: "Sec. 9 (a) Until July 1, 1934, in cases in which the number of officers and employees in any particular service is in excess of the number necessary for the requirements of such service, the heads of the several executive departments and independent establishments of the United States Government and the municipal government of the District of Columbia, respectively, are hereby authorized to furlough, without pay, any officers and employees carried on their respective rolls for such periods as in their judgment may be necessary to distribute, as far as practicable, employment on the available work in such service among all the officers and employees of such service, in rotation."

We think, however, that the charge thus made by the appellant is not supported by the record, and that the dismissal of appellant by the joint action of the Commissioner of Internal Revenue, the Board of Re-

view, the Secretary of the Treasury, and concurred in by the Civil Service Commission, does not appear by their answer to bear the construction which appellant thus places upon them.

The duties of such officers imposed upon them a certain measure of official discretion and a duty of fact finding in the case; there is no evidence of an abuse of such discretion, nor of a violation of duty in passing upon the facts. In our opinion, therefore, the decision of the lower court, overruling the demurrer of appellant to the answer of appellee should not be disturbed. This conclusion is supported by the following authorities: United States ex rel. Taylor v. Taft, 203 U.S. 461, 27 S.Ct. 148, 51 L.Ed. 269, and United States ex rel. Aaron Goodrich v. Guthrie, 17 How. 284, 15 L.Ed. 102.

Affirmed.

STEPHENS, Associate Justice.

In so far as the majority opinion concerns the relief sought as against the appellee, Henry Morgenthau, Jr., Secretary of the Treasury, I concur in the decision that as against the Secretary of the Treasury a writ of mandamus cannot issue under the circumstances here. The Secretary of the Treasury was in the position of having a demand made upon him for salary by the appellant, notwithstanding that she had been separated from her post. She asserted the separation was unlawful. The other appellees, the Commissioner of Internal Revenue and the members of the United States Civil Service Commission, asserted that it was lawful. Thus, so far as the Secretary of the Treasury was concerned, the case was one of a controverted claim against the United States. It is settled that mandamus will not issue to compel payment of such a claim by the Secretary of the Treasury. If the appellant was entitled to her salary, she is put to a suit in the Court of Claims.

But in so far as the majority opinion reaches the conclusion that a writ of mandamus should not issue as against the appellees, the Commissioner of Internal Revenue and the members of the United States Civil Service Commission, I dissent. The relief sought is vacation of the order of dismissal and restoration to office until removed in accordance with the statutes, executive orders, and rules and regulations of the Civil Service Commission concerning ratings. This, in effect, requires the appellees to give consideration to appellant's rating. She asserts that they removed her without so doing and that had they considered her rating, it would have been disclosed that she was not the lowest among married persons. In this aspect of the case there seems to me to be but one question, and that is whether the use of discretion was necessary in determining whether the Economy Act referred to in the majority opinion repealed the prior rating statutes and the executive orders and regulations based on such rating statutes. It certainly did not expressly do so; and it seems to me with equal certainty that it did not impliedly do so, because there is no conflict between the purposes of the rating statutes and the Economy Act respecting married persons. It is wholly consistent with the Economy Act requiring that married persons be first eliminated in reductions of force, to apply the rating statutes as between married persons in such elimination. It seems to me that the law was clear that while the officials in question were obliged in force reductions to eliminate married persons first, they were also obliged within the class of married persons to eliminate in accordance with the rating statutes, to wit, in the order of the ratings commencing with the lowest.

It is, of course, the rule that mandamus will not issue against an administrative officer where an exercise of judgment or discretion is necessary in determining his duty. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809; Work v. United States ex rel. Rives, 267 U.S. 175, 45 S.Ct. 252, 69 L.Ed. 561; United States ex rel. Ness v. Fisher, 223 U.S. 683, 32 S.Ct. 356, 56 L.Ed. 610; United States ex rel. Riverside Oil v. Hitchcock, 190 U.S. 316, 23 S.Ct. 698, 47 L.Ed. 1074; Decatur v. Paulding, 14 Pet. 497, 599 Append., 10 L.Ed. 559, 609. But it is equally clear that such an officer cannot rely upon the mere necessity of reading the statutes in respect of their applicability to facts before him and thereby, under the claim of exercising a discretion, avoid a plain duty. Wilbur v. United States ex rel. Krushnic, 280 U.S. 306, 50 S. Ct. 103, 74 L.Ed. 445; Roberts v. United States, 176 U.S. 221, 20 S.Ct. 376, 44 L.Ed. 443. I think the pertinent statutes, executive orders and rules and regulations in the instant situation so clearly required consideration of the appellant's rating that no exercise of discretion was involved.