MARJORIE PHAIRE, Plaintiff

v.

JOHN D. MERWIN, Government Secretary,
and ROY W. BORNN, Commissioner of Social Welfare,
Defendants

Civil No. 3 — 1958

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

May 3, 1958

*See, also, 161 F. Supp. 710*

FRANK PADILLA, ESQ., Frederiksted, Virgin Islands, *for plaintiff*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for defendants*

MARIS, *Circuit Judge*

The plaintiff, Marjorie Phaire, has brought this action against the defendants, John D. Merwin, Government Secretary, and Roy W. Bornn, Commissioner of Social Welfare, seeking a judgment declaring invalid her dismissal from employment in the service of the Government of the Virgin Islands. The defendants have moved for dismissal of the complaint on the ground that it fails to state a claim upon which relief can be granted. In considering the defendants' motion to dismiss, all well pleaded facts appearing in the complaint must, of course, be taken to be true. Pacific States Box & Basket Co. v. White, 1935, 296 U. S. 176, 185, 56 S. Ct. 159, 80 L. Ed. 138.

The complaint charges that the plaintiff was a regular employee of the Government of the Virgin Islands working in the Department of Social Welfare. On November 27, 1957, the defendant Roy W. Bornn, Commissioner of Social Welfare, in a letter to the plaintiff set forth reports of conduct on her part which he considered improper, including mention of her as co-respondent by one of the parties to a pending divorce suit. Upon her denial of these accusations the Commissioner demanded that she either resign, offer proof that refuted the allegations in the divorce action, or start suit for defamation of character against her accuser in the divorce action. On December 13, 1957, the Commissioner suspended the plaintiff for 30 days, pending formal submission to the Government Secretary of his recommendation for dismissal, setting out as his reasons for the suspension her failure to comply with his letter of November 27th and adding that her "professional performance of the job has been below standard in several respects". On January 7, 1958, the Commissioner made a recommendation for her dismissal to the Government Secretary, a copy of which was mailed to the plaintiff on January 10, 1958, and on January 15, 1958 she was dismissed by the Governor of the Virgin Islands. The complaint alleges that the plaintiff received "a letter purporting to be a copy of a letter to plaintiff's attorney advising him that the plaintiff had been dismissed as of January 15, 1958".

Chapter 25 of Title 3 V.I.C., § 451 et seq., provides for a personnel merit system for the Government of the Virgin Islands, the administration of which, under § 452, is assigned to the Government Secretary. See also 3 V.I.C. §§ 32, 33. A Government Employees Service Commission is provided for within the office of the Government Secretary, 3 V.I.C. § 34, to which important duties are assigned with respect to the personnel merit system, including the power to hear appeals by dismissed or demoted regular em-

ployees of the Government. 3 V.I.C. § 531. The pertinent provisions with respect to the dismissal of regular employees and appeal therefrom, as set out in 3 V.I.C. §§ 530 and 531, are as follows:

"§ 530. Dismissals; procedure

"A department head may recommend the dismissal of any regular employee in his department when he considers that the good of the service will be served thereby. The department head shall give to the employee a written statement of the reasons for the dismissal and file a copy of such statement with the Government Secretary. The employee shall have an opportunity to file with the department head a written statement regarding the dismissal, a copy of which shall be filed with the Government Secretary. The Government Secretary shall recommend to the appointing authority the action he deems desirable, and such dismissal shall become effective if approved by the appointing authority.

"§ 531. Appeals to Commission regarding dismissals or demotions; findings and recommendations; final decisions; review; reinstatement

"(a) Any regular employee who is dismissed or demoted may appeal to the Commission within thirty days after such action is taken. Upon such appeal, the department head whose action is being reviewed, the appellant-employee, and the Government Secretary or his authorized representative shall have the right to be heard publicly and to present evidence. At the hearing of such appeals, technical rules of evidence shall not apply.

"(b) If the Commission determines that the employee was dismissed for political, racial, religious, or personal reasons, it shall recommend that he be reinstated to his former position. In all cases the findings and recommendations of the Commission shall be submitted to, and considered by, the appointing authority, who shall make the final decision, subject to the approval of the Governor, disposing of the appeal.

"(c) If the final decision of the appointing authority, as approved by the Governor, is in favor of the employee, the Governor shall reinstate him and shall approve the payment of any salary or wages lost by him."

The plaintiff's contentions are that she has been deprived of due process of law, that she has been denied the

protection afforded her by the law, that her dismissal was invalid, arbitrary and beyond the power of the Governor, and that she is entitled to a declaratory judgment to that effect. I find no merit in any of these contentions.

■ It is clear from the averments of the complaint that the authorities fully complied with the requirements of 3 V.I.C. § 530. The plaintiff received a written statement from her department head of the reasons for her dismissal and she had more than 30 days in which to file a written statement with him in her own defense. Moreover she was given notice of the recommendation made by the department head to the Government Secretary and, through her counsel, of her dismissal by the Governor on January 15, 1958. Her next step was within 30 days to appeal to the Government Employees Service Commission. This she says she could not do because she did not receive any "order of dismissal". The short answer to this contention is that the law does not require an order of dismissal and according to the allegations of her own complaint she was fully aware of the reasons for her dismissal and of the action of the Governor in dismissing her well before the expiration of the 30 days period. Under such circumstances the plaintiff was required to exhaust her administrative remedies before seeking judicial relief. Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 764, 67 S. Ct. 1493, 91 L. Ed. 1796. See also Raoul Berger, Exhaustion of Administrative Remedies, 1939, 48 Yale L.J. 981.

■ ■ The plaintiff asserts, by way of further excuse for her failure to appeal to the Government Employees Service Commission, that the Commission was not fully organized in accordance with the law. But I take judicial notice of the fact that three members of the Commission were under appointment during the entire period here in question and were in position to hear an appeal by the plaintiff, if she had taken one, since two members of the Commission

constitute a quorum. 3 V.I.C. § 471. The plaintiff, having been accorded an opportunity to know the charges against her before her dismissal and an opportunity to answer thereto, had the burden diligently to assert her rights by appeal to the Commission as authorized by 3 V.I.C. § 531. Nicholas v. United States, 1921, 257 U.S. 71, 42 S. Ct. 7, 66 L. Ed. 133.

The plaintiff further contends that she has been denied due process of law because the Governor is the appointing authority who approved her dismissal and who would be called upon, if she had appealed, to review the recommendations of the Commission regarding her dismissal, and as Governor, he is also the official who, under 3 V.I.C. § 531, must give final approval to his own decision as appointing authority. This contention is likewise without merit. It may well be regarded as somewhat incongruous to provide, as 3 V.I.C. § 531 does, that the Governor must appprove, as Governor, his own decisions as appointing authority, particularly since his power to appoint government employees is vested in him as Governor by section 11 of the Revised Organic Act of 1954 (prec. 1 V.I.C.), 48 U.S.C. § 1591. But this is a matter for the Legislature to correct by amendment of the statute. The duplication does not prejudice the plaintiff's rights. Indeed, if anything, it would, if she had pursued her statutory remedy, have afforded her an additional opportunity to obtain relief.

It has long been settled that appointment to and tenure in public office is neither property nor a contract. Butler v. Commonwealth of Pennsylvania, 1850, 10 How. 402, 51 U.S. 402, 13 L. Ed. 472; Crenshaw v. United States, 1890, 134 U.S. 99, 10 S. Ct. 431, 33 L. Ed. 825; Taylor v. Beckham, 1900, 178 U.S. 548, 20 S. Ct. 890, 44 L. Ed. 1187. The power of appointment to government service carries with it the power of removal, which is unrestricted, except as controlled by pertinent law. An employee does not have

a vested right, title or interest in or to his position of employment, except as the governing statutes may protect his tenure or regulate or limit the right of the appointing power to dismiss him. See Taylor v. Taft, 1906, 203 U.S. 461, 27 S. Ct. 148, 51 L. Ed. 269; Myers v. United States, 1926, 272 U.S. 52, 119, 47 S. Ct. 21, 71 L. Ed. 160; Carter v. Forrestal, 1949, 85 U.S. App. D.C. 53, 175 F.2d 364, certiorari denied 338 U.S. 832, 70 S. Ct. 47, 94 L. Ed. 507. Here, as we have seen, the appointing power acted strictly in accordance with the applicable statute, 3 V.I.C. § 530, and the plaintiff failed to exhaust her administrative remedy to have that action reviewed.

■ It follows that the plaintiff has failed to make out a case for judicial relief. In so holding I do not intimate that if she had appealed to the Commission and its recommendation had been unfavorable to her or its favorable recommendation had been rejected by the Governor she would have been entitled to judicial relief. Keim v. United States, 1900, 177 U.S. 290, 293, 20 S. Ct. 574, 44 L. Ed. 774. The statute does not provide for judicial review of such action and the writ of review which this court is empowered by 4 V.I.C. § 34 to issue to officers, boards, commissions, authorities and tribunals is directed only to the erroneous exercise of functions or the exceeding of jurisdiction. 5 V.I.C. § 1422.

An order will be entered dismissing the complaint.