**LLEWELLYN SEWER, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS and DARLAN BRIN as Commissioner of Conservation and Cultural Affairs, Defendants**

Civil No. 80-140

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 16, 1980

STEDMANN HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, CHERYL F. COODLEY, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Presently before the Court is a motion by the Government of the Virgin Islands to dismiss the complaint for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). In the alternative, the Government seeks the dismissal as to defendant Darlan Brin, Commissioner of Conservation and Cultural Affairs. Both motions will be denied.

Mr. Sewer, a former director of the Bureau of Parks and Open Space Management, brought this § 1983 action against the Government and Commissioner Brin asserting that he was wrongfully discharged. Specifically, Sewer contends that the reasons given for his discharge were inaccurate, that he was never given an opportunity to contest those reasons, and that his discharge was made without authority. He seeks injunctive and legal relief.

On a 12(b)(6) motion, the question before the Court is whether the complaint, construed in a light most favorable to the plaintiff with every doubt resolved in plaintiff's favor, states any claim for relief. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957); C. WRIGHT, A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1356 at 601 (1969). Assuming that all plaintiff's factual allegations are true, plaintiff states a civil rights action for deprivation of a constitutionally protected liberty interest as well as a contract action questioning Commissioner Brin's authority to discharge him.[1]

## CIVIL RIGHTS CLAIM

In order to assert a § 1983 claim, a plaintiff must allege sufficient facts to show that the offensive conduct occurred under color of territorial law; and that such conduct deprived plaintiff of his constitutional rights. 42 U.S.C. § 1983 (1976); see Monroe v. Pape, 365 U.S. 167, 168–69 (1961). The determination of whether the method of Sewer's dismissal constitutes a civil rights action depends on the answers to the following questions:

(1) Whether Sewer's employment was a property interest protected by due process; and

(2) Assuming that the explanation for the discharge was false (as we must on this 12(b)(6) motion) whether such a false explanation deprived him of a liberty interest protected by the fourteenth amendment?

---

[1] See Complaint, Count I, ¶12.

These questions were addressed by the Supreme Court in Bishop v. Wood, 426 U.S. 341 (1976).

In Bishop, a police officer, who was classified as a "permanent" employee by a city ordinance, was discharged without being afforded a hearing to determine the sufficiency of the cause for his termination. The Court held that the officer did not have a constitutionally protectable interest in his continued employment because the policeman held his position "at the pleasure of the city". Id. at 345; see L. TRIBE, AMERICAN CONSTITUTIONAL LAW 523 (1978).

■■ Property interests are not created by the Constitution but rather are created and defined by existing law that originates from an independent source such as territorial law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Sewer was a director for the Bureau of Parks and Open Space Management, a nonexempt position as classified by 3 V.I.C. § 451a(b)(1). Under the Virgin Islands Code only termination from a nonexempt position requires a dismissal hearing. See 3 V.I.C. § 530. Therefore since Sewer's property interest in his employment was not guaranteed by local law or contract and thus not protected by the fourteenth amendment, his civil rights cause of action based on property rights must fail. See Perry v. Sinderman, 408 U.S. 593, 601 (1972).

In addition Sewer contends that the Government's action caused a deprivation of his liberty interest by placing allegedly false statements on his employment record thereby seriously damaging his reputation. Sewer's deprivation of liberty claim closely parallels the assertions put forth by the petitioner in Bishop, 426 U.S. at 347.

■ The Bishop Court concluded that a public employee whose position is terminable at the employer's will is not deprived of liberty when there is no public disclosure of the reasons for his termination orally and in private. Id. at 348. Sewer, however, has written documentation of the reasons for his discharge. If the reasons are false and are released to Sewer's prospective employers, he could suffer damage. Therefore, although plaintiff may have difficulty in supporting the factual allegations required to be successful in a § 1983 action, his complaint does state a cause of action.

■■ Lastly, the cause of action against Commissioner Brin cannot be dismissed. Government executives are entitled to a qualified immunity under the civil rights acts. Scheuer v. Rhodes, 416 U.S. 232, 238–49 (1974). Whether the immunity can be invoked

is a factual issue. By the plain terms of § 1983, all that Sewer must allege is that Brin deprived him of a federal right while Brin was acting under color of territorial law. See Gomez v. Toledo, 48 U.S.L.W. 4601, (1980). Plaintiff pleaded both of those required allegations.[2] Thus, the complaint states a cause of action and the motion to dismiss must be denied.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that the motion of defendents, Government of the Virgin Islands and Darlan Brin to dismiss the complaint for failure to state a cause of action be, and the same is hereby, DENIED:

FURTHER ORDERED that the defendants' motion to dismiss Commissioner Darlan Brin as a party be, and the same is hereby, DENIED.

---

[2] See Complaint, Count II, ¶17.