**JAMES J. MOORHEAD, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and JUAN LUIS**
**in his Capacity as Governor of the Virgin Islands, Defendant**

Civil No. 81-141

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 12, 1982

LEONARD BERNARD FRANCIS, JR., St. Thomas, V.I., *for plaintiff*

JESSE M. BETHEL, JR., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

The Court is called upon by defendant Government of the Virgin Islands to dismiss the complaint filed by James Moorhead for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), or in the alternative, for Judgment on the pleadings. Fed. R. Civ. P. 12(c). The precise issue raised by the present motions is the legal sufficiency of a complaint which alleges a deprivation of First Amendment rights under color of law and thereby asserts a cause of action under 42 U.S.C. § 1983.

■ Plaintiff was fired by the governor of the Virgin Islands from his position as Director of Utilities and Sanitation in the Department of Public Works on April 9, 1979. Plaintiff alleges that his

66

dismissal was based solely on his political affiliation and that he was thereby deprived of certain constitutional rights in contravention of the Civil Rights Act of 1971, 42 U.S.C. § 1983. He seeks injunctive and monetary relief in accordance with that statute. In order to dispose of the present Rule 12(b)(6) and 12(c) motions the Court must determine whether the complaint, when construed in a light most favorable to the plaintiff and "with every doubt resolved in plaintiff's favor." Sewer v. Government, 17 V.I. 597, 599 (D.V.I. 1980), states any claim for relief under the terms of section 1983.

■ Defendants contend that the complaint should be dismissed on the basis of plaintiff's failure to exhaust the administrative remedies afforded all Virgin Islands public employees by 3 V.I.C. § 531(b) ("Discrimination on account of nonmerit factors; appeals"). However, it has long been established in the federal courts that exhaustion of state (or territorial) administrative remedies is not required prior to the commencement of an action under 42 U.S.C. § 1983. "When federal claims are premised on . . . § 1983 . . . we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights." Ellis v. Dyson, 421 U.S. 426 at 432 (1975). See, also, McNeese v. Board of Education, 373 U.S. 668, 672 (1963); Hochman v. Board of Education, 534 F.2d 1094, 1096 (3rd Cir. 1976) and cases cited therein; Morrison v. College of the Virgin Islands, 1976 St. X. Supp. 655, 658 (D.V.I. October 22, 1976).

In the present case therefore, plaintiff's failure to pursue whatever administrative remedies he may have had cannot be a basis for dismissing his complaint.

■■ It is also urged that plaintiff's status as an unclassified or "exempt" public employee within the meaning of 3 V.I.C. § 451a(b) precludes his assertion of cognizable civil rights claim. It is true that the status or terms of employment conferred on a public employee by local law will determine the extent of his property interest in his position and thereby determine the type of procedural safeguards to which he is entitled under the due process clause of the 14th Amendment.[1] Board of Regents v. Roth, 408 U.S. 564, 577–78 (1972). See, also, Schuster v. Thraen, Civil No. 79-243, 1982 St. X. Supp. (D.V.I. Feb. 10, 1982); Sewer v. Government, supra. In the

---

[1] Made applicable in the Virgin Islands by Section 3 of the Revised Organic Act of 1954.

present case, however, plaintiff does not assert that his dismissal constituted a deprivation of a property interest. Indeed he does not challenge any of the procedures under which he was discharged, but instead challenges the act of dismissal itself. Therefore plaintiff's status as an "exempt" employee in no way precludes a claim under section 1983 that his dismissal by the Governor infringed his First Amendment rights of association and belief.[2]

■■ The United States Supreme Court has recently recognized that a cause of action by state or municipal employees who alleged they have been discharged solely because of their partisan political affiliation constitutes a cognizable claim directly under the First and Fourteenth Amendments as well as under 42 U.S.C. § 1983. Branti v. Finkel, 445 U.S. 507 (1980); Elrod v. Burns, 427 U.S. 347 (1976). In Branti, however, the Court acknowledged that not all patronage dismissals are prohibited by the First Amendment. No constitutional violation will be found where "the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." Id. at 518. To test the constitutional validity of such patronage dismissals therefore, the Court must determine in each case whether or not "party affiliation" is a legitimate criterion for holding the government position in question.

In Branti, the Court found that the dismissal of two assistant public defenders solely because of political affiliation did violate the First Amendment inasmuch as their primary responsibility was to represent individual citizens. In Ness v. Marshall, 660 F.2d 517 (3rd Cir. 1981) by contrast, the Third Circuit Court of Appeals affirmed the trial Court's finding that the patronage dismissal of a city solicitor whose position was conceded to be a "policy making" one did not violate the First Amendment. Although the Court in Ness affirmed a grant of summary judgment entered against the dismissed public officials, the Third Circuit has noted the difficulty in making a factual distinction between protected and unprotected patronage jobs and has on a previous occasion expressly disapproved of a disposi-

---

[2] The case of Phaire v. Merwin, 161 F.Supp. 710, 3 V.I. § 320 (D.V.I. 1958) cited by defendants does stand for the proposition that under Virgin Islands law a public employee does not have a "vested right" in his position except as local law may "protect his tenure or . . . limit the right of the appointing power to dismiss him." Id. at 713, 327. But whereas the plaintiff in Phaire alleged that her dismissal, and the procedures followed thereto, denied her a property interest without due process of law, the plaintiff here alleges that his dismissal denied him his rights of association and belief.

tion on a Rule 56 motion where "evidence as to the nature of [the public employee's] duties . . . was imprecise and cut both ways." Rosenthal v. Rizzo, 555 F.2d 390 at 392 (3rd Cir. 1977).

■ In the present case the record is barren with respect to the nature of the position from which plaintiff was dismissed. Defendant has not yet established what the responsibilities of that position were and the extent to which the post contemplated, if at all, a policy making function.[3] While defendants may, in accordance with Ness v. Marshall, supra, be entitled to summary judgment upon a sufficient showing that political affiliation was a rational criterion in the filling or the termination of plaintiff's position, they are not entitled to a dismissal or judgment based merely on the pleadings filed. Accordingly, the motions of the Government will be denied.

---

[3] Whether or not the position held by plaintiff is determined to be a "policymaking" one is not however dispositive of the First Amendment claim. "[T]hose positions for which party affiliation is a very important legitimate consideration and those positions denominated 'policy-making' are not necessarily coextensive . . . ." Ness v. Marshall, supra at 520.